IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SELINA GOODWIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 6:16-03114-CV-RK |
| | ) |
| CAROLYN W. COLVIN,[1] ACTING | ) |
| COMMISSIONER OF SSA; | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Selina Goodwin ("Plaintiff")'s appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying disability benefits. The decision of the Commissioner is AFFIRMED.

### Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence

---

[1] Nancy A. Berryhill became the acting commissioner of Social Security on January 23, 2017; however, for consistency purposes, the case style in this action remains as originally filed.

presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined the Plaintiff suffered from the following severe impairments: diabetes mellitus type II; major depressive disorder, in remission; a history of conversion disorder with pseudo-seizures; and an anxiety disorder variously described as panic disorder with agoraphobia and post-traumatic stress disorder ("PTSD"). However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, met or medically equaled the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). The ALJ also determined that Plaintiff's mental impairments did not cause at least two marked limitations or one marked limitation and repeated episodes of decompensation, and therefore held the Paragraph B criteria were not satisfied. The ALJ determined the Paragraph C criteria were not satisfied. The ALJ found that despite Plaintiff's impairments, Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b) with several limitations. Although the ALJ found Plaintiff unable to perform any past relevant work, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Therefore, the ALJ found Plaintiff was not disabled as defined in the Act from April 5, 2013, through the date of the ALJ's decision.

On appeal, Plaintiff alleges errors related to: (1) whether the ALJ erred in rejecting the marked mental limitations of Dr. Ahmed, in assessing Plaintiff's RFC;[2] and (2) whether the ALJ properly included all of Dr. Ahmed's moderate mental limitations into Plaintiff's RFC.[3]

---

[2] The ALJ afforded no weight to Dr. Ahmed's marked mental limitations because Dr. Ahmed's limitations were inconsistent with Dr. Ahmed's treatment notes. Dr. Ahmed's treatment notes consistently expressed Plaintiff had normal findings; however, Dr. Ahmed's marked mental limitations expressed abnormal findings. Dr. Ahmed's limitations were expressed in checkbox format, with little explanation to support Dr. Ahmed's marked mental limitations. Therefore, the ALJ did not err in affording no weight to Dr. Ahmed's marked mental limitations. *See Bernard v. Colvin,* 774 F.3d 482, 482 (8th Cir. 2014) (the ALJ must evaluate the records as a whole; therefore, the opinions of treating physicians do not automatically control); *Halverson v. Asture,* 600 F.3d 922, 930 (8th Cir. 2010) (an ALJ may discount the opinion of a treating physician when the opinion is inconsistent with the physician's treatment notes); *Zonak v. Commissioner of Social Security,* 290 Fed. Appx. 493, 497 (3rd Cir. 2008) (ALJ did not err when the ALJ rejected the opinion of a treating physician because the physician's opinion was provided in a checkbox format without supporting notes).

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE, ORDERED that the decision of the Commissioner is **AFFIRMED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 18, 2017

---

[3] Plaintiff alleges the ALJ selected only findings from Dr. Ahmed's opinion that were consistent with a conclusion of not disabled. Upon review, the Court finds the ALJ properly accepted Dr. Ahmed's moderate mental limitations to the extent they were consistent with the record and accounted for those limitations in the RFC. *Wilkerson v. Astrue,* 2014 WL 3361821, at *4 (W.D. Mo. July 9, 2014) (citing *Browning v. Sullivan,* 958 F.2d 822 (8th Cir. 1991) (an ALJ is not required to immediately provide supporting evidence for each limitation the ALJ found in Plaintiff's RFC; instead, it is the ALJ's responsibility to explain the evidence overall).